MARVIN BROWN v. RHYNE FLORAL SUPPLY MANUFACTURING COM-
PANY, INCORPORATED; MORRIS PASOUR AND WIFE, ROXIE PASOUR;
EULAS PASOUR AND WIFE, MARIAN FOX PASOUR; THEADOS PASOUR,
UNMARRIED; MARY JANE PASOUR SETZER, WIDOW; BEVERLY JOYCE
JOHNSON AND HUSBAND, BILLY RAY JOHNSON; DARRELL WILLIAM
HARRIS, UNMARRIED; NORMAN LEON HARRIS, AN UNMARRIED MINOR;
ODENA PASOUR BROWN AND HUSBAND, CASPER BROWN; ESTELLA
PASOUR NIXON AND HUSBAND, NAMON NIXON; ROBERTA PASOUR, UN-
MARRIED; ETOISE PASOUR BOOKER AND HUSBAND, WARREN BOOKER;
J.C. WILSON AND WIFE, GWENDOLYN WILSON; DOROTHY WILSON
JONES AND HUSBAND, JOHN JONES; JOYCE WILSON, UNMARRIED; IRVIN
LEE WILSON, UNMARRIED; GEORGE BERNARD WILSON AND WIFE, MARY
WILSON; GRACE PASOUR BROWN AND HUSBAND, HERBERT BROWN; AND
DEVISES OR HEIRS AT LAW, AND ALL OTHER PERSONS, FIRMS OR CORPORATIONS CLAIM-
ING ANY INTEREST IN THE LANDS DESCRIBED HEREIN

No. 8727SC804

(Filed 19 April 1988)

Attorneys at Law § 7.5— action to quiet title—appeal dismissed as frivolous—
award of attorney's fees for appeal improper
   Where plaintiff's action to quiet title to real property was dismissed as
frivolous and not brought in good faith, plaintiff appealed, and the appeal was
dismissed for failure to perfect the appeal, the trial judge erred in awarding
defendant additional attorney's fees incurred in defending against plaintiff's
appeal in the absence of statutory authority therefor.

APPEAL by plaintiff from *Charles Lamm, Judge.* Order en-
tered 13 April 1987 in Superior Court, GASTON County. Heard in
the Court of Appeals 8 February 1988.

*Pamela A. Hunter for plaintiff-appellant.*

*Whitesides, Robinson, and Blue and Wilson by Henry M.
Whitesides for Rhyne Floral Supply Manufacturing Company,
Inc., defendant-appellee.*

---

---

BECTON, Judge.

Plaintiff, Marvin Brown, brought an action against defendant, Rhyne Floral Supply Manufacturing Company, Inc. (Rhyne) and the other named defendants to quiet title to real estate in May of 1986. Brown, representing himself, claimed to have acquired title through adverse possession. The trial judge dismissed Brown's case at the close of the evidence, concluding that there was a complete absence of a justiciable issue, that the action was not brought in good faith, and that the action was frivolous. The trial judge also awarded attorneys fees to all the defendants' attorneys. Brown appealed to this court, and his appeal was dismissed on 16 December 1986 for failing to perfect the appeal. Upon motion by defendant Rhyne, the trial judge then awarded to Rhyne additional attorneys fees in the amount of $1,000 and expenses of $419.10 for the costs they incurred in defending against Brown's appeal, finding that the appeal was frivolous. Brown appeals this award.

Although defendant cites several statutes that authorize a trial judge to tax *costs* against the losing appellant (see N.C. Gen. Stat. Secs. 6-20, 7A-305(d), and N.C. Rules of Appellate Procedure 34 and 35(a) ), nowhere in those statutes do we find authority for a trial judge to award *attorneys fees* under the circumstances that exist here. As a general rule, attorneys fees are not awarded to the prevailing party without statutory authority. *Trust Co. v. Schneider*, 235 N.C. 446, 70 S.E. 2d 578 (1952).

Judgment is vacated.

Chief Judge HEDRICK and Judge SMITH concur.